UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRUCE WOODS,

                              Plaintiff                                  **COMPLAINT**

-against-                                                                  **No.:** 6:22-CV-221 (MAD/TWD)

HOME DEPOT U.S.A., INC., d/b/a, THE HOME
DEPOT, INC.,                                                 TRIAL BY JURY DEMANDED

                              Defendant.
_____X

Plaintiff, Bruce Woods, by and through his attorney, Thomas E. Schimmerling, complaining of Defendant, HOME DEPOT U.S.A., INC., d/b/a, THE HOME DEPOT, INC., alleges and states as follows:

## JURISDICTION AND VENUE

1. At the time of the filing of this action, the Plaintiff was and remains a resident of the State of New York.

2. Jurisdiction of this action is based on 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars exclusive of interest and costs and there is diversity of citizenship between the parties.

3. The injuries sustained by the plaintiff far exceed the jurisdictional limitations of all other state and federal courts that would otherwise have subject matter jurisdiction over the claims set forth in this litigation.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the complaint occurred in Otsego County, State of New York.

5.      At all times relevant herein, defendant was organized under the laws of the State of Delaware and was doing business in the State of New York as a duly registered Foreign Business Corporation.

6.      At all times relevant herein, defendant had its principal corporate offices located at 2455 Paces Ferry Road, Atlanta, Georgia, 30339 - 4053.

7.      At all times relevant herein, defendant operated and continues to operate a retail store located at 659 State Highway 28, Town of Oneonta, County of Otsego, State of New York (hereinafter "Oneonta Home Depot").

## FACTS

8.      On March 7, 2020 at approximately 7:30 a.m., Plaintiff, Bruce Woods arrived at the Oneonta Home Depot store to shop.

9.      On that date and time, Plaintiff, who has a disability, was attempting to access one of the electric carts located at the front of said store, which the Oneonta Home Depot store provides for use by its customers.

10.     On that date and time, Plaintiff attempted to unplug one of the said electric carts, which were parked in a line very close to one another, in a head-in fashion, facing a wall.

11.     The said electric carts were all plugged in to a wall receptacle, which was located between the first cart and a perpendicular wall, which left no space for customers such as the Plaintiff, to reach the wall outlet to unplug a cart.

12.     On that date and time, due to the carts being too close together and too close to the perpendicular wall, Plaintiff had to climb over the back of one of the carts in order to unplug one from the wall receptacle.

13. After unplugging one of the carts, Plaintiff's feet became tangled in the charging cords which dangled from the rear of each cart, causing him to fall over backward.

## AS AND FOR A FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges paragraphs 1-13 as if fully restated herein.

15. The Plaintiff was properly and lawfully at the aforesaid location on the above date and time.

16. The Plaintiff was properly and lawfully at the aforesaid area of the Defendant's store ("Accident Location") on the above date and time.

17. On the above date and time, the Plaintiff was properly and lawfully attempting to access one of the electric carts at the Accident Location.

18. That the Accident and the injuries resulting therefrom were due solely and wholly to the carelessness and negligence of the Defendant, its agents, servants, and/or employees who were negligent in that the Defendant caused, permitted and/or allowed the Accident Location to become and remain in a dangerous, defective, and trap-like condition; in that Defendant negligently maintained a condition that was dangerous and trap-like; in that the Defendant neglected a dangerous and trap-like condition so that a portion of the Defendant's store used to keep the electric carts for customer use became dangerous and unsafe, and likely to cause and did cause injury to Plaintiff; in that the Defendant failed to warn or apprise its customers and especially Plaintiff of the danger to his person as a result of this dangerous and trap-like condition; in that Defendant, its agents, servants, and/or employees failed to keep the Accident Location, and the carts themselves, in a safe and orderly condition, thereby creating a dangerous and trap-like condition at the Accident Location; in that Defendant failed to take any remedial

action to correct the condition or to prevent the happening of the accident; in failing to properly place signs or barricades around the Dangerous Condition where the electric carts were kept for access by Defendant's customers.

19. Defendant, its agents, servants, and/or employees had a duty to maintain the premises in a safe condition for the benefit of its customers, including the Plaintiff herein.

20. Defendant, its agents, servants, and/or employees had a duty to maintain the electric carts in a safe condition for the benefit of its customers, including the Plaintiff herein.

21. Defendant, its agents, servants, and/or employees had actual knowledge and notice of the defective, dangerous, and/or trap-like condition of the Accident Location, having created the condition and/or this condition had existed for a sufficient length of time prior to the Accident, and/or Defendant, its agents, servants, and/or employees, in the exercise of reasonable care and upon proper inspection, could have and should have had such notice and knowledge.

22. That the Accident occurred solely as a result of the Defendant's negligence, without any negligence on the part of the Plaintiff contributing thereto.

23. As a result of the foregoing, Plaintiff was rendered sick, sore, lame and disabled; was confined to hospital and his hospital bed, suffered and continues to suffer great pain and agony, and has sustained severe serious injuries which are permanent in nature.

24. Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts in the State of New York which would otherwise have jurisdiction over this action.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

25. Plaintiff repeats and realleges paragraphs 1-24 as if fully restated herein.

26. At all times relevant, Defendant was negligent.

27. The Defendant's negligence was a proximate cause of the plaintiff's injuries.

28. Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts in the State of New York which would otherwise have jurisdiction over this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

(a) against defendant, on the first claim for relief, in the sum of seven hundred and fifty thousand dollars ($750,000), together with interest, costs and disbursements as provided by law;

(b) against defendant, on the second claim for relief, in the sum of seven hundred and fifty thousand dollars ($750,000), together with interest, costs and disbursements as provided by law;

(c) any such other and further relief that this court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATE: March 7, 2022

SCHIMMERLING INJURY LAW OFFICES

By: **s/ Thomas E. Schimmerling**

    Thomas E. Schimmerling Bar Number: 102542
    Attorney for Plaintiff
    Schimmerling Injury Law Offices
    102 West Main Street
    Endicott, New York 13760
    Telephone: (607) 785-8888
    Fax: (607) 785-8886
    E-mail: 607lawoffice@gmail.com